NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DANNY RAY COUCH, *Petitioner*.

No. 1CA-CR 15-0063 PRPC
FILED 2-23-2017

Petition for Review from the Superior Court in Mohave County
No. S8015CR200900945
The Honorable Derek C. Carlisle, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Danny Ray Couch, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kent E. Cattani joined.

---

**K E S S L E R**, Judge:

¶1             Petitioner Danny Ray Couch requests review of the superior court's dismissal of his seventh successive petition for post-conviction relief. We grant review, but deny relief.

¶2             Couch pled guilty to molestation of a child and was sentenced to seventeen years' imprisonment. Couch's counsel was unable to find a meritorious issue to raise as a basis for relief under Arizona Rules of Criminal Procedure ("Rule") 32 and requested additional time for Couch to file a pro se petition. The superior court granted this request and gave Couch until August 23, 2010 to file his supplemental petition. On August 24, 2010, Couch submitted a motion for extension of time in which to file his petition, which was denied. The superior court dismissed Couch's first petition for post-conviction relief because it was untimely.

¶3             In this seventh petition,[1] Couch argues the superior court erred in dismissing his first petition because the untimeliness of his first petition was without fault on his part. The court dismissed the seventh petition because it was untimely and because Couch failed to give meritorious reasons why his claim was not raised in his initial petition for post-conviction relief.

¶4             Couch asserts the superior court erred in dismissing this seventh successive petition for post-conviction relief. "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007) (citation omitted).

¶5             Post-conviction relief may be granted if "[t]he defendant's failure to file a notice of post-conviction relief of-right . . . within the

---

[1]     This is Couch's sixth petition subsequent to his of-right petition. He filed post-conviction relief petitions on December 3, 2012; April 30, 2013; October 23, 2013; February 20, 2014; April 10, 2014; and December 29, 2014.

prescribed time was without fault on the defendant's part." Ariz. R. Crim. P. 32.1(f). However, Rule 32.2(b) provides that, for claims raised pursuant to Rule 32.1(f),

> the notice of post-conviction relief must set forth . . . the reasons for not raising the claim in the previous petition or in a timely manner. If the . . . meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the notice shall be summarily dismissed.

Ariz. R. Crim. P. 32.2(b).

**¶6**        Neither Couch's notice regarding this seventh petition nor the petition itself explain why his previous petitions failed to address the reasons his petition of-right was untimely and how this was due to no fault of his own. Accordingly, the superior court did not abuse its discretion in denying Couch's seventh petition for post-conviction relief.

**¶7**        For the reasons above, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA